IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JONATHAN JOHNSON, | § | |
| | § | |
| Defendant Below, | § | No. 153, 2021 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1602004456 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: August 30, 2021
Decided: October 7, 2021

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

# **O R D E R**

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1) The appellant, Jonathan Johnson, appeals from the Superior Court's denial of his first motion for postconviction relief. The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Johnson's opening brief that the appeal is without merit. We agree and affirm.

(2) The record reflects that in September 2016, a grand jury indicted Johnson on multiple drug and weapons related charges. In April 2017, Johnson pleaded guilty to one count of drug dealing and one count of possession of a firearm during the commission of a felony ("PFDCF"). The State moved to declare Johnson

to be a habitual offender under 11 *Del. C.* § 4214(d) and that he be sentenced accordingly for the PFDCF offense. After a presentence investigation, the Superior Court granted the habitual-offender motion and sentenced Johnson as follows: for PFDCF, to twenty-five years' incarceration; and for drug dealing, to eight years' incarceration, suspended for decreasing levels of supervision. Johnson did not file a direct appeal.

(3) In October 2018, Johnson filed a motion for postconviction relief. After briefing and an expansion of the record to include affidavits from trial counsel, the Superior Court denied the motion for postconviction relief. Johnson has appealed to this Court. Although he presented additional claims to the Superior Court, on appeal he asserts only that (i) the Superior Court erred by accepting his guilty plea because Johnson was taking medication for mental health issues at the time of the plea and (ii) his counsel was ineffective for failing to request a competency hearing after Johnson disclosed during the plea colloquy that he was on medication.

(4) This Court reviews the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[1] The Court must consider the procedural requirements of Superior Court Criminal Rule 61 before addressing any

---

[1] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

substantive issues.[2]

(5) Johnson's claim of ineffective assistance of counsel was not procedurally barred.[3] To prevail on a claim of ineffective assistance of counsel within the context of a guilty plea, Johnson was required to show that (i) his counsel's conduct fell below an objective standard of reasonableness, and (ii) there is a reasonable probability that, but for the alleged errors of counsel, he would not have pleaded guilty and would have insisted on going to trial.[4] A defendant must make concrete allegations of cause and actual prejudice to substantiate a claim of ineffective assistance of counsel.[5] Although not insurmountable, there is a strong presumption that counsel's representation was professionally reasonable.[6]

(6) Johnson's claim that his counsel was ineffective for failing to request a competency hearing based on Johnson's disclosure that he was on medication does not establish that his counsel's representation was objectively unreasonable or prejudicial. The transcript of the plea hearing reflects that Johnson stated that he had taken some medication that day, but that it was "not hindering [his] thoughts" and he understood what the court was discussing with him.[7] In the affidavit submitted

---

[2] *Perez v. State*, 2021 WL 1169826, at *2 (Del. Mar. 26, 2021).
[3] *Id.*
[4] *Duffy v. State*, 2019 WL 459982, at *2 (Del. Feb. 5, 2019).
[5] *Id.*
[6] *Albury v. State*, 551 A.2d 53, 59 (Del. 1988).
[7] *State v. Johnson*, Cr. ID No. 1602004456A, Plea Transcript at 7:7-12 (Del. Super. Ct. Apr. 25, 2017).

during the postconviction proceedings, trial counsel stated that "[a]t no time during Trial Counsel's representation of the Defendant did Trial Counsel believe that the Defendant had any mental health issues that prevented him from entering the guilty plea or going to trial."[8]  In exchange for Johnson's guilty plea, the State dismissed multiple charges that, with the two charges to which Johnson pleaded guilty had a total minimum mandatory sentence of 65 years' incarceration up to life imprisonment, and agreed to recommend a total of twenty-five years of unsuspended prison time.  We conclude that Johnson's claim of ineffective assistance of counsel is without merit.

(7)     As for Johnson's claim that the Superior Court erred by accepting his plea when he was taking medication, Johnson did not express any confusion or lack of understanding during his guilty plea colloquy with the Superior Court.  Indeed, he expressly stated during his plea colloquy that he was taking medication, but that it was not hindering his thoughts.  Absent clear and convincing evidence to the contrary, which Johnson has not provided, Johnson is bound by his representations during the plea colloquy.[9]  We find no basis for reversing the Superior Court's

---

[8] *Id.* Docket Entry No. 55, at 2-3.
[9] *Waples v. State*, 2021 WL 754851 (Del. Feb. 23, 2021); *Sartin v. State*, 2014 WL 5392047 (Del. Oct. 21, 2014).

conclusion that Johnson knowingly and intelligently entered his plea.[10]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[10] *See Weeks v. State*, 653 A.2d 266, 270 (Del. 1995) (discussing legal standard for determining competency to plead guilty and explaining that a trial court must defer acceptance of a guilty plea if there is a "reasonable ground to doubt the defendant's competence").